IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL C. EDDINGS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-0210 |
| § | | |
| BANK OF AMERICA, NA, § | | |
| Defendant. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") filed by Defendant Bank of America, NA ("BOA") [Doc. # 15]. By Order [Doc. # 16] entered April 29, 2013, the Court directed Plaintiff Michael C. Eddings to file a response to the Motion by May 17, 2013. The Court cautioned Eddings that failure to file a response by the deadline could result in the entry of summary judgment in BOA's favor. Plaintiff neither filed a response as ordered nor requested additional time to respond. The Court has reviewed the full record and the applicable legal authorities. Based on this review, the Court grants Defendant's Motion.

**I.      BACKGROUND**

In September 1986, Eddings executed a Promissory Note in the amount of $134,842.00, secured by a lien on property located in Kingwood, Texas, as outlined in the Deed of Trust. The monthly payment was $1,133.83.

In April 1998, Plaintiff's mortgage was assigned to MERS. In October 1999, Plaintiff's mortgage was assigned to the Secretary of Veteran Affairs. BOA is the loan servicer for the Secretary of Veteran Affairs.

Plaintiff did not make the August 1, 2008 payment until October 8, 2010, more than two years after it was due. Plaintiff failed to make his September 1, 2008 payment, and has not made any subsequent payments.

Plaintiff's property was severely damaged during Hurricane Ike in September 2008. As of July 1, 2010, Plaintiff's insurer had issued two insurance proceeds checks totaling $64,149.26. BOA required Plaintiff to submit a repair bid from a licensed contractor, which Plaintiff failed to do. As a result, BOA retained the insurance proceeds and intended to apply them toward reduction of the principal debt in accordance with the Deed of Trust.

On January 2, 2009, BOA sent a Default Notice to Plaintiff advising him that he was in default and could cure the default by paying $16,917.04 by February 1, 2009. Plaintiff remained in default and foreclosure proceedings were initiated. A Foreclosure Notice and Notice of Substitute Trustee Sale were sent to Plaintiff on December 12, 2011. Plaintiff was notified that the property would be sold at foreclosure on January 3, 2012.

On December 30, 2011, just prior to the foreclosure sale, Plaintiff filed his original petition in Texas state court. BOA filed a timely Notice of Removal. After an adequate time to complete relevant discovery, BOA filed its Motion for Summary Judgment.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011) (citing *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002)).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe.  *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413).  The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of

5

evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III. ANALYSIS

Plaintiff's Original Petition contains a "First Cause of Action For Declaratory Relief," a separate section entitled "Grounds for Temporary Restraining Order," and a section entitled "Damages." In the "Declaratory Relief" section, Plaintiff seeks a

declaration "of Defendant's rights, obligations and duties, and a declaration as to who is the holder in due course of Plaintiff's Note and Deed of Trust and who owns Plaintiff's Subject Property." *See* Plaintiff's Original Petition [Doc. # 1-1], ¶ 48. Plaintiff seeks a restraining order and monetary damages.

The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property." TEX. PROP. CODE § 51.0025. Under Texas law, a mortgage servicer need not be the holder of the original note. *See id.* ¶ 51.0001(3), (4) (including "holder of a security instrument" in the definition of mortgagee and stating that a "mortgagee may be the mortgage servicer"). Consequently, the Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest. *See Martins v. BAC Home Loans Servicing, L.P.*, ___ F.3d ___, 2013 WL 3213633 (5th Cir. June 26, 2013). BOA has presented to the Court and to Plaintiff an unbroken chain of title establishing that it has authority under Texas law to foreclose on Plaintiff's property.[1] Plaintiff has presented no evidence to the contrary and, as a result, BOA is entitled to summary judgment that it has authority under the Note and Deed of Trust to foreclose on Plaintiff's property. *See id.*

---

[1] BOA also provided financial information needed for Plaintiff to apply and be considered for a loan modification. Several months have passed, and Plaintiff has neither submitted the completed loan modification application nor provided repair estimates required prior to disbursal of the insurance proceeds.

7

BOA has presented evidence that the Deed of Trust provides for application of insurance proceeds either toward reduction of the principal debt or toward repair of the property at BOA's discretion. Plaintiff has failed to present evidence to the contrary. Because Plaintiff failed to provide repair estimates as requested, BOA has elected to apply the insurance proceeds to reduce the principal amount due on the Note.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant Bank of America's Motion for Summary Judgment [Doc. # 15] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **28th** day of **June, 2013**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge